**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| SANDRA CALLANAN, individually ) <br> and on behalf of all other similarly-situated ) <br> current citizens of Missouri, ) <br>     ) <br>     Plaintiff, ) <br>     ) <br> v.   ) <br>     ) <br> GARDEN OF LIGHT, INC., ) <br>     ) <br>     Defendant. ) <br>     ) <br> Serve by Mail: ) <br>     ) <br>     GARDEN OF LIGHT, INC. ) <br>     Michael Smulders RAGT ) <br>     375 Park Avenue ) <br>     East Hartford CT 06108 ) | No. _____ <br><br> **JURY DEMAND** |

**CLASS ACTION PETITION**

Plaintiff, Sandra Callanan, individually and on behalf of all other similarly-situated current citizens of Missouri, allege the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

**CASE SUMMARY**

1.      This case arises out of Defendant Garden of Light, Inc.'s ("Defendant") deceptive, unfair, and false merchandising practices regarding its Bakery On Main branded granola products including Nutty Cranberry Maple Granola, Extreme Fruit & Nut Granola, Rainforest Banana Nut Granola, Apple Raisin Walnut Granola, Cranberry Orange Cashew Granola, Coconut Cacao Bunches of Crunches, Dark Chocolate Sea Salt Bunches of Crunches, Apple Pie Instant Oatmeal, Blueberry Scone Instant Oatmeal, Carrot Cake Instant Oatmeal, Maple Multigrain Muffin Instant Oatmeal, Strawberry Shortcake Instant Oatmeal, 4.4.8 Double

Chocolate Granola Bars, 4.4.8 Oats & Honey Granola Bars, 4.4.8 Peanut Butter & Chocolate Granola Bars, 4.4.8 Peanut Butter & Chocolate Granola Bars, Blueberry Cobbler Nut Crunch Snack, Chocolate Nut Crunch Snack, Chocolate Peppermint Nut Crunch Snack, Maple Vanilla Nut Crunch Snack, Original Nut Crunch Snack, Organic Happy Granola Sprouted Blueberry Flax, Organic Happy Granola Sprouted Grains & Honey, Organic Happy Granola Sprouted Maple Quinoa, Gluten Free Non-GMO Coconut Cashew Trüe Bars, Gluten Free Non-GMO Walnut Cappuccino Trüe Bars, Gluten Free Non-GMO Fruit & Nut Trüe Bars, Gluten Free Non-GMO Apricot Almond Chai Trüe Bars, Gluten Free Non-GMO Hazelnut Chocolate Cherry Trüe Bars, Gluten Free Non-GMO Raspberry Chocolate Almond Trüe Bars, Gluten Free Chocolate Almond Granola Bars, Gluten Free Cranberry Maple Granola Bars, Gluten Free Peanut Butter Chocolate Granola Bars, Gluten Free Apple Cinnamon Granola Bars, Peanut Butter & Jelly Granola Bars  (the "Products").

2.     On the labels of the Products, Defendant list Evaporated Cane Juice ("ECJ") as an ingredient.  ECJ, however, is not juice at all—it is sugar in disguise.  In May 2016, the FDA made clear that "the term 'evaporated cane juice' is false and misleading because it suggests that the sweetener is 'juice' or is made from 'juice' and does not reveal that its basic nature and characterizing properties are those of sugar."  The FDA continued: "The term 'evaporated cane juice' is not the common or usual name of any type of sweetener" and "this ingredient should instead be declared on food labels as 'sugar.'"

3.     By mislabeling sugar as ECJ, Defendant misleads consumers into thinking those Products have less sugar than they actually contain.

4.     In addition, by claiming the Products contain ECJ, the labels of the Products create the false impression and have the tendency and capacity to mislead consumers (*see* 15

2

CSR 60-9.020) into believing that the Products contain less sugar than they actually contain. Moreover, the overall format and appearance of the labels of the Products have the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products contain less sugar than they actually contain.

5.  Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

## PARTIES

6.  Plaintiff Sandra Callanan is a Missouri citizen and a resident of the City of St. Louis. On at least one occasion during the Class Period (as defined below), including in October or November 2016, Plaintiff purchased Defendant's Cranberry Orange Cashew Granola at Fields Foods for personal, family, or household purposes after reviewing the labels, which deceived her. If Plaintiff had known the Products contained sugar disguised as ECJ, she would not have purchased it or would have paid less for it. The purchase price of each Product was $6.59.

7.  The labels of each of the Products—including those Plaintiff has not purchased—are substantially similar in that each lists ECJ as an ingredient. Accordingly, Plaintiff has standing to pursue claims relating to Products she did not actually purchase.

8.  Defendant Garden of Light, Inc. is incorporated in Connecticut with its principal place of business located in East Hartford, Connecticut.

## JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court.

3

10. Plaintiff believes and alleges that the total value of her individual claims is, at most, equal to the refund of the purchase price she paid for the Products, or $6.59 each.

11. Because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees is far less than the five million dollar ($5,000,000) minimum threshold to create federal court jurisdiction.

12. There is therefore no diversity or CAFA jurisdiction for this case.

13. Defendant cannot plausibly allege that it had sufficient sales of the Products in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

14. This Court has personal jurisdiction over Defendant pursuant to Missouri Code § 506.500, because Defendant has had more than minimum contacts with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Products for sale throughout the State of Missouri.  This Court has specific jurisdiction over Defendant.

15. Venue is proper in this forum pursuant to Missouri Code § 508.010 because Plaintiff is a resident of the City of St. Louis and the injury occurred in the City of St. Louis and because Defendant is not a resident of this State.

16. Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

Electronically Filed - City of St. Louis - November 16, 2016 - 01:10 PM

## **ALLEGATIONS OF FACT**

17. Defendant manufactures, sells, and distributes granola-based cereals and snack bars, including the Products.

18. Plaintiff is a consumer who is interested in purchasing foods that do not contain added sugar.

19. Knowing that consumers like Plaintiff are increasingly interested in purchasing products that do not contain added sugar, Defendant has sought to take advantage of this growing market by labeling certain products as containing ECJ instead of sugar.

20. By affixing such a label to the packaging of the Products, Defendant is able to entice consumers like Plaintiff to purchase its Products and to pay a premium for the Products and/or to purchase more of the Products than they otherwise would have had the truth be known.

21. The labels of the Products are deceptive, false, unfair, and misleading in that Defendant lists ECJ as an ingredient instead of sugar.

22. ECJ is not juice. It is sugar.

23. By calling added sugar "ECJ," Defendant misleads Plaintiff and reasonable consumers into believing that the Products contain less sugar then they actually do.

24. The FDA could not be more clear: "Sweeteners derived from sugar cane should not be listed in the ingredient declarations by names such as 'evaporated cane juice,' which suggests that the ingredients are made from or contain fruit or vegetable 'juice[.] We consider such representations to be false and misleading[.]"

25. As a result of Defendant's deceitful labels, Defendant was able to charge and Plaintiff and class members paid a premium for the Products.

26. The Products, moreover, were worth less than they were represented to be, and Plaintiff and Class Members paid extra for them due to the ECJ representation.

27. No reasonable consumer would know or should know when reviewing the Products' labels that ECJ is sugar.

28. Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

## CLASS ALLEGATIONS

29. Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on her own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

> All Missouri citizens who purchased Bakery On Main Nutty Cranberry Maple Granola, Extreme Fruit & Nut Granola, Rainforest Banana Nut Granola, Apple Raisin Walnut Granola, Cranberry Orange Cashew Granola, Coconut Cacao Bunches of Crunches, Dark Chocolate Sea Salt Bunches of Crunches, Apple Pie Instant Oatmeal, Blueberry Scone Instant Oatmeal, Carrot Cake Instant Oatmeal, Maple Multigrain Muffin Instant Oatmeal, Strawberry Shortcake Instant Oatmeal, 4.4.8 Double Chocolate Granola Bars, 4.4.8 Oats & Honey Granola Bars, 4.4.8 Peanut Butter & Chocolate Granola Bars, 4.4.8 Peanut Butter & Chocolate Granola Bars, Blueberry Cobbler Nut Crunch Snack, Chocolate Nut Crunch Snack, Chocolate Peppermint Nut Crunch Snack, Maple Vanilla Nut Crunch Snack, Original Nut Crunch Snack, Organic Happy Granola Sprouted Blueberry Flax, Organic Happy Granola Sprouted Grains & Honey, Organic Happy Granola Sprouted Maple Quinoa, Gluten Free Non-GMO

Electronically Filed - City of St. Louis - November 16, 2016 - 01:10 PM

Coconut Cashew Trüe Bars, Gluten Free Non-GMO Walnut Cappuccino Trüe Bars, Gluten Free Non-GMO Fruit & Nut Trüe Bars, Gluten Free Non-GMO Apricot Almond Chai Trüe Bars, Gluten Free Non-GMO Hazelnut Chocolate Cherry Trüe Bars, Gluten Free Non-GMO Raspberry Chocolate Almond Trüe Bars, Gluten Free Chocolate Almond Granola Bars, Gluten Free Cranberry Maple Granola Bars, Gluten Free Peanut Butter Chocolate Granola Bars, Gluten Free Apple Cinnamon Granola Bars, and/or Peanut Butter & Jelly Granola Bars for personal, household, or family purposes in the five years preceding the filing of this Petition (the "Class Period").

30. Excluded from the Class are: (a) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third degree of consanguinity to such judge.

31. Upon information and belief, the Class consists of at least hundreds of purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

32. There are numerous and substantial questions of law or fact common to all of the members of the Class and which predominate over any individual issues. Included within the common question of law or fact are:

    a. whether the representation that the Products contain ECJ instead of sugar is false, misleading, unfair, and deceptive;

    b. whether Defendant violated the MMPA by selling the Products with false, misleading, and deceptive representations;

    c. whether Defendant's acts constitute deceptive and fraudulent business acts and practices or deceptive, untrue, and misleading advertising;

Electronically Filed - City of St. Louis - November 16, 2016 - 01:10 PM

    d.    whether Defendant was unjustly enriched; and

    e.    the proper measure of damages sustained by Plaintiff and Class Members.

33. The claims of the Plaintiff are typical of the claims of Class Members, in that they share the above-referenced facts and legal claims or questions with Class Members, there is a sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

34. Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

35. A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a.    the claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

    b.    absent a Class, the Class Members will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

    c.    given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d.    when the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    e.    this action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which

> Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

36.  Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

37.  Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation.  Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests.  As a consequence, class treatment is a superior method for adjudication of the issues in this case.

38.  Defendant has acted on grounds that apply generally to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## CLAIMS FOR RELIEF

### COUNT I

**Violation of Missouri's Merchandising Practices Act**

39.  Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

40.  Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

41.     Defendant's conduct in representing that certain of the Products contain ECJ when they in fact contain added sugar constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce because Defendant misrepresents that the Products contain ECJ instead of sugar, thereby leading Plaintiff and reasonable consumers to believe that the Products contain less sugar than they actually do.

42.     In addition, by claiming the Products contain ECJ instead of sugar, the labels of the Products create the false impression and have the tendency and capacity to mislead consumers (*see* 15 CSR 60-9.020) into believing that the Products contain less sugar than they actually contain. Moreover, the overall format and appearance of the labels of the Products have the tendency and capacity to mislead consumers (15 C.S.R. 60-9.030) because they create the false impression that the Products contain less sugar than they actually contain.

43.     Neither Plaintiff nor any reasonable consumer when reviewing the ingredient lists of the Products would know nor should know that ECJ is actually sugar in disguise.

44.     Because the Products contain added, disguised sugar, the Products as sold were worth less than the Products as represented, and Plaintiff and Class Members paid a premium for them. Had the truth be known, Plaintiff and Class Members would not have purchased the Products or would have paid less for them.

45.     Plaintiff and Class Members purchased the Products for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the product and the value of the product if it had been as represented.

46. Plaintiff also seeks to enjoin Defendant's ongoing deceptive practices relating to its claims on the Products' labels and advertising.

## COUNT II

### Unjust Enrichment

47. Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

48. By purchasing the Products, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent Products.

49. Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would have no sales and make no money.

50. Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Products.

51. Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

    a. grant certification of this case as a class action;

    b. appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

    c. award compensatory damages to Plaintiff and the proposed Class, or, alternatively, require Defendant to disgorge or pay restitution of its ill-gotten gains;

Electronically Filed - City of St. Louis - November 16, 2016 - 01:10 PM

    d.    for an award of declaratory and equitable relief declaring Defendant's conduct to be in violation of MMPA and enjoining Defendant from continuing to engage in deceptive, unfair, and false marketing of the Product;

    e.    award pre- and post-judgment interest;

    f.    award reasonable and necessary attorneys' fees and costs; and

    g.    for all such other and further relief as may be just and proper.

Dated: November 16, 2016    Sandra Callanan, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By:    /s/ Matthew H. Armstrong
Matthew H. Armstrong (MoBar 42803)
ARMSTRONG LAW FIRM LLC
8816 Manchester Rd., No. 109
St. Louis MO 63144
Tel: 314-258-0212
Email: matt@mattarmstronglaw.com

Stuart L. Cochran (MoBar 68659)
COCHRAN LAW PLLC
12720 Hillcrest Rd., Ste. 1045
Dallas, TX 75230
(214) 300-1765
Email: scochran@scochranlaw.com

Attorneys for Plaintiff and the Putative Class